UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ABIGAIL B. THOMPSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 3:17-cv-307 |
| | ) | 3:15-cr-107-02 |
| UNITED STATES OF AMERICA, | ) | Judge Phillips |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Abigail B. Thompson ("Petitioner") filed a pro se motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 1].[1] The United States of America ("Respondent") has responded in opposition to her motion [Doc. 5]. Petitioner has not replied and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

### I. Background

Petitioner was one of 36 individuals named in a 32-count indictment arising out of a methamphetamine and money laundering conspiracy [Case no. 3:15-cr-107-02, Doc. 3]. Petitioner was charged with nine separate offenses [*Id.*]. Petitioner signed a plea agreement and entered pleas of guilty to: (1) conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count 1); (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count

---

[1] All citations to documents in the record reference case number 3:17-cv-307, unless otherwise specified.

2); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 18); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 19) [*see* Doc. 483, Case no. 3:15-cr-107-02]. The remaining five charges against her were dismissed at sentencing. On August 1, 2016, the defendant was sentenced to a total term of imprisonment of 270 months [Case no. 3:15-cr-107-02, Doc. 1159]. Petitioner did not appeal her conviction or her sentence, but timely filed the instant § 2255 motion on July 18, 2017.

## II.     Standard of Review

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law ... so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2004)). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United*

*States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. Analysis

As the Respondent notes, Petitioner raises several claims of ineffective assistance of her trial counsel, Francis X. Santore, Jr., which the Court will address in the order in which they are raised.

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. The *Strickland* test provides that, to demonstrate a violation of the Sixth Amendment right to effective

assistance of counsel, "a defendant must establish that [her] attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show her attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance because:

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, she must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that her counsel's representation was objectively unreasonable, but also that she

4

was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet this burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

A. Failure to File a Direct Appeal (Ground One)

For her first ground for relief, Petitioner states that her attorney, Mr. Santore, told her she "could not appeal … because I signed a plea" [Doc. 1 at p. 4]. She further claims that she was "unable to get him to contact me after sentencing" and "[h]e would not return any calls to my power of attorney, nor did he visit me in jail" [*Id.*]. Petitioner concludes that Mr. Santore failed "to advise me of my right to appeal" [*Id.*]. Respondent contends that, pursuant to her plea agreement, Petitioner waived her right to appeal with limited exceptions. Thus, because Mr. Santore correctly advised her of that fact, Respondent argues that this claim should be dismissed [Doc. 5 at p. 4].

If an attorney fails to file an appeal after being specifically instructed to do so by a defendant, the defendant is entitled to an appeal without regard to a showing that the appeal would actually have merit, that is, without a showing of actual prejudice. *Roe v. Flores-*

5

*Ortega*, 528 U.S. 470, 477 (2000); *accord Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Absent proof that a defendant explicitly directed counsel to file a notice of appeal, a court considers whether the attorney "consulted with [petitioner] about an appeal" and made "a reasonable effort to discover [her] wishes." *Flores-Ortega*, 528 U.S. at 478, 487. As Respondent argues, the motion does not specify that Petitioner directed or instructed Mr. Santore to file an appeal [Doc. 5 at p. 4, n.1]. Indeed, Petitioner alleges that Mr. Santore told her she "*could* not appeal" [Doc. 1 at p. 4 (emphasis added)]. However, Petitioner also alleges that she was unable to get him to contact her after the sentencing and that he would not return calls or visit her in jail [*Id*.]. Thus, there is some inference that Mr. Santore did not consult with Petitioner about an appeal and make a reasonable effort to discover her wishes.

The Respondent also argues that Petitioner's plea agreement waived her right to appeal her conviction and sentence, so long as it did not exceed the mandatory minimum or the advisory Guideline range [Doc. 5 at p. 4]. Thus, Respondent argues, because Petitioner was sentenced below her mandatory minimum and advisory Guideline range, this claim should be rejected. However, the Supreme Court has instructed that "when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, No. 17-1026, 2019 WL 938523, at *2 (Feb. 27, 2019) (quoting *Flores-Ortega*, 528 U.S. at 484). Moreover, the Court recently held that this presumption of prejudice applies even when the defendant has signed an appeal waiver. *Id.* Thus, Petitioner's appeal waiver does not

6

foreclose this argument and the likelihood of success on the merits of any such appeal is not relevant to the instant analysis.

Both components of the *Strickland* test apply where the asserted attorney error is the failure to file an appeal. *Flores-Ortega*, 528 U.S. at 477. In assessing the claimed error in light of the deficient-performance prong of the Strickland standard, the Supreme Court has instructed:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. …This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Id.* (internal citations omitted). Thus, an attorney who ignores his client's explicit direction to file an appeal has rendered an inferior and deficient performance. However, a defendant's actual "request" is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal in every case. *Id.* at 479; *see also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir.), *cert. denied*, 540 U.S. 1024 (2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

It is unclear whether Petitioner directed or requested that Mr. Santore file a notice of appeal. It is also unclear when Petitioner and Mr. Santore discussed the possibility of an appeal and whether Mr. Santore failed to respond to Petitioner's phone calls or other attempts to contact him. The Court finds that Petitioner's allegations are incomplete, but not inherently incredible or contradicted by the record. *See Huff*, 734 F.3d at 607. Further,

7

the government has presented no countervailing evidence from Mr. Santore. Thus, the Court cannot resolve this issue on the pleadings alone. *See Pola v. United States*, 778 F.3d 525, 535 (6th Cir. 2015).

An evidentiary hearing is necessary to address whether Mr. Santore consulted with Petitioner about an appeal and the scope of any consultations that occurred regarding an appeal. *See Flores-Ortega*, 528 U.S. at 480. Accordingly, the issue remains contested and an evidentiary hearing must be held. By separate order, the Court will refer this matter to the magistrate judge to conduct an evidentiary hearing and to file a report and recommendation as appropriate.

    B.    <u>Failure to Receive a Reduced Sentence for Substantial Assistance (Ground Two)</u>

In her second claim for relief, Petitioner claims that Mr. Santore advised her that she "would get some relief for substancial [sic] assistance" and she was expecting "points off of my guidelines … [but] [t]here was none taken off" [Doc. 1 at p. 5]. As the Respondent points out, the government did file a motion for sentence reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) [Case no. 3:15-cr-107-02, Sealed Doc. 1146] and that motion was granted by the Court at sentencing [*Id*., Doc. 1158]. Prior to considering the Petitioner's substantial assistance, the Court calculated the advisory Guideline range as 300 to 322 months [*Id*., Sealed Doc. 1160]. Thus, the Petitioner's sentence of 270 months was below the advisory Guideline range and due to the government's motion for substantial assistance. This claim is plainly without merit and is therefore **DENIED**.

C. Failure to Review the Presentence Investigation Report ("PSR") (Ground Three)

In her third ground for relief, Petitioner claims that her attorney "failed to allow me to look at or go over my PSR before sentencing, or after" and "there was some incorrect information in PSR" [Doc. 1 at p. 7]. Although she does not so specifically allege, Petitioner impliedly suggests that her attorney should have objected to this "incorrect information." As Respondent notes, Petitioner has not identified what information in the PSR is allegedly incorrect or how this information affected her sentence [Doc. 5 at pp. 6—7].

The Court has reviewed the transcript of Petitioner's sentencing hearing. Petitioner and Mr. Santore acknowledged that she did not have a copy of the PSR, but she affirmatively told the Court that she had reviewed the PSR with Mr. Santore. Petitioner's acknowledgement of this fact during the sentencing hearing shows that she is not entitled to relief on this claim. The Supreme Court has stated that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73—74 (1977). Further, Mr. Santore confirmed that he had reviewed the PSR with Petitioner and that he had no objections to the PSR [*see also* Doc. 764, Case no. 3:15-cr-107-02]. Petitioner has not presented sufficient evidence, much less "substantial" evidence, to counter her sworn statements to the Court at her sentencing hearing. This claim is without merit and is therefore **DENIED**.

D. <u>Failure to Obtain a More Favorable Plea Agreement (Ground Three)</u>

Also part of her third ground for relief, Petitioner claims that her attorney "showed no interest in my case" and therefore she was not "offered a counter plea" [Doc. 1 at p. 7]. Respondent correctly notes that a criminal defendant has "no constitutional right to plea bargain" [Doc. 5 at p. 6 (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)]. Further, the government is not required to offer or agree to a particular sentence or bargain that would be more favorable to the Petitioner.

Petitioner does not suggest nor come close to showing a reasonable probability that, but for her counsel's errors and deficient performance, she would have gone to trial in the absence of a more favorable plea bargain. *See Hill v. Lockhart*, 474 U.S. 52, 58—59 (1985); *Strickland*, 466 U.S. at 694 (a reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005). Indeed, if she had insisted on a trial, Petitioner would have gone to trial on all nine charges against her in the Indictment, not merely the four to which she pled guilty. The evidence of Petitioner's culpability in this drug conspiracy was overwhelming and the possible cumulative sentence that she faced on all charges at a trial was greater than what she received under the plea agreement. Numerous co-defendants and witnesses were prepared to testify against her as to her purchases and sales of significant quantities of methamphetamine. Further, witnesses were prepared to testify that Petitioner carried a firearm in furtherance of her drug trafficking activity and that she conspired to launder the proceeds of her drug

10

trafficking. Thus, there is little doubt that Petitioner could have done far worse if she had rejected the plea agreement and chosen to go to trial.

It further bears noting that, because of her guilty plea, Petitioner received a three-point reduction for acceptance of responsibility [*see* Sealed Doc. 716 at ¶¶ 112—13, Case no. 3:15-cr-107-02]. Moreover, because of her agreement to provide substantial assistance to the government, the government moved for and Petitioner was granted a downward departure, thus further reducing her sentence [*see* Sealed Doc. 1146, Case no. 3:15-cr-107-02]. These sentencing reductions would not have been available to Petitioner if she had gone to trial. Thus, it is highly unlikely that Petitioner would have proceeded to trial.

There is nothing in the record to suggest that Petitioner did not make a fully informed bargain. Under these circumstances, Petitioner's plea agreement and her guilty plea are objectively reasonable and are not evidence of ineffective assistance of counsel. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998); *see also Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003) ("[t]he decision to plead guilty – first, last, and always – rests with the defendant"). While Petitioner may speculate that she could have received a better bargain, her wishful thinking does not rise to the level of a constitutional violation. This claim is without merit and is therefore **DENIED**.

E. Conflict of Interest (Ground Four)

Petitioner claims that her attorney may have had a conflict of interest because he previously represented the mother of one of her co-defendants, Brandon Estes, and possibly represented Mr. Estes "at another time" [Doc. 1 at p. 8]. As Respondent notes, Petitioner has alleged no other facts to support this claim. Thus, the Court has no information as to

the type of case or representation involving Mr. Estes' mother or when that representation occurred. Plaintiff does not suggest that Mr. Santore's previous representation of Mr. Estes' mother influenced or affected the choices or actions taken in her case. Further, her allegation regarding a "possible" prior representation of Mr. Estes is pure speculation.

To establish a violation of the Sixth Amendment, Petitioner must demonstrate counsel "actively represented conflicting interests" and that an actual conflict of interest adversely affected counsel's performance. *Wilson v. Parker,* 515 F.3d 682, 697—98 (6th Cir. 2008), *cert. denied*, 558 U.S. 846 (2009) (quoting *Strickland*, 466 U.S. at 692). The Sixth Circuit has instructed that when a defendant alleges an actual conflict of interest exists, she must make particularized allegations of fact as follows:

> We will not find an actual conflict unless appellants can point to "specific instances in the record to suggest an actual conflict or impairment of their interests." ... *Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.* If he did not make such a choice, the conflict remained hypothetical." ... There is no violation where the conflict is "irrelevant or merely hypothetical"; there must be an "actual significant conflict."

*U.S. v. Hall,* 200 F.3d 962, 966 (6th Cir. 2000) (citations omitted) (emphasis added). Thus, "the burden is a difficult one for [a] Petitioner to meet, as he must point to specific instances of actual conflict of interest and not rely on mere speculation, second-guessing, and hindsight." *Williams v. Jones,* 214 F. App'x 521, 526 (6th Cir. 2007).

Here Petitioner has not demonstrated an actual conflict, but even assuming she had, she has failed to demonstrate the alleged conflict affected counsel's performance. To establish a conflict of interest adversely affected counsel's performance, Petitioner must

12

"point to specific instances in the record to suggest an ... impairment of his interests .... There is no violation where the conflict is ... merely hypothetical." *United States v. Mays,* 77 F.3d 906, 908 (6th Cir. 1996) (citations omitted). This is not a situation where counsel was representing co-defendants or where the outcome of Petitioner's case was in way related to any case in which her counsel represented someone with opposing interests or where the outcome of a case in which counsel represented another person related in any way to Petitioner's case. Thus, there is no proof an actual conflict of interest affected defense counsel's representation of Petitioner. Instead, this is a situation where Petitioner has merely alleged a possibility of a conflict of interest arising from counsel representing her and, in another unspecified matter at an unspecified time, the mother of a co-defendant.

In sum, the Court has only the bare allegation of Mr. Santore's prior representation of a co-defendant's mother and the speculation of prior representation of Mr. Estes. There is simply no evidence before the Court revealing an actual conflict existed or from which the Court could infer an actual conflict existed. Because there is no evidence of an actual conflict of interest, this claim will be **DENIED**.

  F. <u>Failure to Advise Petitioner of the § 851 Notice to Establish Prior Conviction (Ground 5)</u>

Petitioner's final claim for relief is that her counsel failed to inform her that the government filed an § 851 notice to establish prior conviction and that she "was unaware of this motion" [Doc. 1 at p. 13]. The record reflects that the government filed an information to establish prior conviction, pursuant to 21 U.S.C. § 851(a)(1), for the purpose of seeking increased punishment [Case no. 3:15-cr-107-02, Doc. 442]. The notice

specified that Petitioner was previously convicted in this Court on March 27, 2006, in case number 3:05-cr-24, for possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) [*Id.*]. The notice was filed on November 20, 2015, prior to Petitioner's change of plea hearing on December 16, 2015 [*see* Case no. 3:15-cr-107-02, Doc. 482].

Petitioner's claim that she was unaware of this notice is simply not credible. The Petitioner's plea agreement includes the enhanced minimum mandatory penalty for her guilty plea to the offense in Count One, conspiracy to distribute 50 grams or more of methamphetamine [Case no. 3:15-cr-107-02, Doc. 483]. A review of the transcript of Petitioner's change of plea hearing reveals that counsel for the government specifically mentioned the enhanced penalty for Count One "because of the defendant's prior felony drug conviction" [Case no. 3:15-cr-107-02, Doc. 1271 at p. 11]. The enhanced penalty due to the § 851 notice is specified in several provisions of the PSR [Case no. 3:15-cr-107-02, Sealed Doc. 716 at p. 1, ¶¶ 33, 140]. Further, at her sentencing hearing, the Court advised Petitioner that the government had filed the information alleging a prior conviction in order to enhance her sentence and then questioned Petitioner whether she affirmed the prior conviction in this Court and she responded affirmatively. The Court again advised Petitioner of the enhanced minimum mandatory penalty because of her prior conviction. Thus, there is little doubt that Petitioner was aware of the enhanced penalty for her guilty plea to Count One.

As Respondent notes [Doc. 5 at p. 8], even if Petitioner's attorney did not advise her of the government's § 851 notice, she has failed to show any possible prejudice because

14

she was fully aware of the enhanced penalty she was facing. This claim is without merit and will be **DENIED**.

**IV.     Conclusion**

The Court finds that an evidentiary hearing is necessary to resolve whether and to what extent Mr. Santore consulted with Petitioner regarding an appeal. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the Court hereby **REFERS** Petitioner's § 2255 motion to vacate to Debra C. Poplin, United States Magistrate Judge, to conduct an evidentiary hearing on this single claim; to appoint counsel to represent Petitioner at the hearing, *see* Rule 8(c), Rules Governing Section 2255 Proceedings; and for a Report and Recommendation. The remaining claims in Petitioner's motion [Case no. 3:17-cv-307, Doc. 1] will be **DENIED**. An appropriate order will be entered.

　　　　　　　　　　　　　　　　　　s/ Thomas W. Phillips
　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE