UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ABIGAIL B. THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:17-CV-307; 3:15-CR-107 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Petitioner Abigail B. Thompson has filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 5], and Petitioner has filed no reply. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit and, thus, will deny and dismiss the motion with prejudice.

---

[1] All docket references are to Case No. 3:17-CV-307 unless otherwise noted.

## I.

*Background*

On July 21, 2015, a federal grand jury issued a 32-count indictment charging Petitioner and 35 co-defendants with various offenses. [Case No. 3:15-CR-107. Doc. 3]. Petitioner was named in nine of those counts.

In November 2015, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 440-441]. Petitioner agreed to plead guilty to four of the nine charged counts: Count One (conspiracy to distribute 50 grams or more of methamphetamine); Count Two (conspiracy to conduct money laundering); Count 18 (felon in possession of ammunition); and Count 19 (possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)).

The plea agreement (signed by Petitioner and her attorney) provided that the remaining counts—including a second 924(c) charge—would be dismissed at the time of sentencing upon motion by the United States. The plea agreement also set forth the mandatory minimum sentences applicable to Petitioner—240 months on Count One "[b]ecause of the defendant's prior felony drug conviction," and a mandatory consecutive 60-month sentence on Count 19. [Case No. 3:15-CR-107. Doc. 440, p.1-2]. Additionally, the plea agreement provided that Petitioner was waiving the right to appeal her conviction or sentence with the exception of "the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater." [*Id.*, p.14].

On December 16, 2015, the Honorable Thomas W. Phillips conducted a change of plea hearing.[2] At that hearing, Judge Phillips confirmed that Petitioner understood the charges to which she was pleading guilty, including the mandatory 240-month term for Count One "because of the Defendant's prior felony drug conviction," and the mandatory consecutive 60-month term for Count 19. [Case No. 3:15-CR-107. Doc. 1271, p. 11, 13, 20, 22]. Judge Phillips made clear "that the Government's not made any agreement to recommend a particular sentence in your case and that your sentence will be determined by the Court after considering the applicable sentencing guidelines and other information relevant to your case." [*Id.*, p. 25-26]. Petitioner verbalized that she understood. [*Id.*, p.26]. Judge Phillips also confirmed Petitioner's understanding that she was "waiving the right to file a direct appeal of your conviction or sentence, except that you do retain the right to appeal a sentence imposed above the guideline range or above any mandatory minimum sentence. . . . In other words, Ms. Thompson, you understand that by pleading guilty in your case you're giving up your right to appeal either your conviction or your sentence." [*Id.*, p. 24-25]. Petitioner again verbalized her understanding. [*Id.*, p. 25].

On August 1, 2016, Judge Phillips conducted Petitioner's sentencing hearing, imposing a below-guidelines met sentence of 270 months' imprisonment. At that hearing, Judge Phillips specifically inquired whether Petitioner had adequate time to go over her Presentence Investigation Report ("PSR") with her attorney. Defense counsel stated that

---

[2] Prior to that hearing, the United States filed a notice of intent to seek increased punishment, pursuant to 21 U.S.C. § 851, due to Petitioner's prior felony drug conviction. [Case No. 3:15-CR-107, doc. 442].

he had gone over the PSR with Petitioner, and Petitioner confirmed that she had seen the PSR and had enough time to review it with her attorney. Judge Phillips again confirmed that a sentence of at least 300 months was mandated by statute, and he confirmed that Petitioner's net restricted guideline range was 300 to 322 months.

Petitioner's below-guideline (and below mandatory minimum) sentence was the product of the United States' three-level motion for downward departure pursuant to 18 U.S.C. § 3553(e). Judge Phillips stated on the record that this reduction was due to Petitioner's substantial assistance. Lastly, Judge Phillips again summarized the appellate waiver provisions of the plea agreement. He also told Petitioner that if she wished to appeal and "[i]f you so request, the clerk of this Court shall prepare and file a notice of appeal on your behalf."

Petitioner did not file a direct appeal. Instead, she submitted this timely *pro se* § 2255 motion to vacate on July 18, 2017, alleging several five claims of ineffective assistance of counsel.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because

of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims she was denied her Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a movant must prove that specific acts or omissions by her attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), "[T]he constitutional right at issue

here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell*, 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v.*

6

*United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

A. Claim One

Petitioner first claims that her attorney was ineffective because, "He said that because I signed a plea, that I couldn't appeal. I was unable to get him to contact me after sentencing." [Doc. 1, numbered p.5]. Petitioner further states that "I was unable to file the proper paperwork for an appeal, because I was incarcerated in numerous county jails and had no contact to the outside in order to get in touch with any attorney. [*Id.*]. Petitioner then seems to contradict that statement by further complaining that counsel "would not return any calls to my Power of Attorney," indicating that Petitioner was indeed in contact with an agent outside of jail. [*Id.*].

The seminal Supreme Court case on a failure-to-appeal claim of ineffective assistance is *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* court applied *Strickland*'s framework in reaching its decision, *id.* at 476-77, meaning that both components of the *Strickland* test apply to assertions that counsel failed to file an appeal. *Id.* at 477. Thus, under *Roe*, to establish that counsel rendered a deficient performance, Petitioner must show either (1) that counsel disregarded her instructions to file a notice of appeal or (2) that counsel failed to consult with her regarding an appeal when he knew or should have known that Petitioner might want to appeal. *Id.* at 478.

7

"[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (observing that "if counsel had ignored the defendant's express instruction to file an appeal, such action amounts to a per se violation of the Sixth Amendment" (internal quotation marks omitted), and at 360 (determining whether petitioner has given "express instructions to proceed with an appeal" is a pivotal factual issue in resolving the claim); *cf. Regalado v. United States,* 334 F.3d 520, 526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance where the attorney was not specifically instructed so to do).

The Court finds no assertion that Petitioner made an explicit request for counsel to file an appeal. While the Court must charitably construe Petitioner's failure-to-appeal claim, the Court is not obligated to read into her pleading a factual assertion that is not actually there. *See Spence v. United States*, 68 F. App'x 669, 671 (6th Cir. 2003) ("This standard, however, has limits and does not require the court to speculate about basic facts that could easily be alleged by the petitioner."); *accord Pliler v. Ford*, 542 U.S. 225, 231 (2004) (instructing that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course . . . or to perform any legal 'chores' for the defendant that counsel would normally carry out") (internal citations omitted) (alteration in original); *O'Malley*, 285 F.2d at 735 (observing that a petitioner who files a § 2255 motion must articulate facts entitling him to relief) (listing cases).

8

Petitioner has alleged no facts to show that she instructed her attorney to appeal (such as, for example, at the sentencing hearing). The question then becomes whether Petitioner's counsel had a duty to consult with her about an appeal. *Roe*, 528 U.S. at 478. Although, there is no "bright-line rule that counsel must always consult with the defendant" about an appeal, a duty to consult exists "when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

The duty-to-consult determination hinges on "all the information counsel knew or should have known." *Id.* One highly relevant factor to consider is whether the conviction is obtained at trial or by means of a guilty plea, "because a guilty plea reduces the scope of potentially appealable issues" and may signify that a defendant seeks to terminate the judicial proceedings. *Id.* Another pertinent factor is whether the plea expressly waived appeal rights. *Id.* Yet another circumstance that might indicate that a rational defendant might want to appeal is whether there are nonfrivolous grounds for appeal. *Id.*

Here, Petitioner fails to allege any nonfrivolous grounds for appeal, and the record discloses no such grounds. Similarly, neither Petitioner nor the record reveals any reason why she, in particular, would have an interest in an appeal. Petitioner pled guilty and did not assert her right to trial. Further, Petitioner entered into a plea agreement that contained a provision waiving her right to file an appeal, with certain exceptions not relevant here. Those waivers were twice explained to Petitioner by Judge Phillips.

Because there are no factual assertions in the pleadings from which to conclude that counsel's duty to consult was triggered—indeed, the facts suggest the opposite since Petitioner pled guilty and waived her right to appeal—the Court finds that this claim of ineffective assistance merits no relief. *See Wingo*, 454 F.2d at 53 (vague conclusory statements, denuded of allegations of specific facts, fail to state a viable § 2255 claim.

Nor would counsel have been ineffective if he in fact told Petitioner that she could not appeal. Judge Phillips made clear at sentencing that Petitioner was receiving a prison sentence lower than both her guideline range and her mandatory minimum. Petitioner was also twice informed by Judge Phillips that she had waived the right to appeal under those circumstances. Counsel would not have been ineffective in providing Petitioner that very same correct information.[3]

For these reasons, Petitioner's first claim merits no relief.

### B. Claim Two

Next, Petitioner claims that her attorney provided ineffective assistance when he told her that

> I would get some relief for substancial [sic] assistance at my sentencing [sic]. Therefore, I was expecting to be allowed points off of my guidelines. There was none taken off. I was led to beleive [sic] there would be, and I could have been sentenced below my guidelines.

[Doc. 1, numbered p.6]. This claim is wholly without merit. The United States *did* file a substantial assistance motion and, as a result, Judge Phillips *did* impose a below-guidelines

---

[3] Further, Judge Phillips nonetheless advised Petitioner that the Clerk of Court would file an appeal on her behalf if so requested.

10

sentence. This issue was plainly discussed by both the prosecutor and the judge at Petitioner's sentencing hearing. Petitioner's attorney, again, was not ineffective for giving her correct information.

## C. Claim Three

Petitioner next alleges that her attorney showed "no interest" in her case because he did not obtain a "counter plea" or allow her "to look at or go over my PSR before sentencing." [Doc. 1, numbered p.8].

"A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). In the guilty-plea context, the Supreme Court employs the same two-part standard for ineffectiveness that was developed in *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). That is, a petitioner must demonstrate that (1) her attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced her.

Petitioner has not claimed that her plea was based on inaccurate advice or inappropriate pressure from her attorney. Instead, she claims that her counsel was constitutionally ineffective because she now believes she could have secured a better deal if only her counsel had been a better or more active negotiator. However, the law is well-settled that dissatisfaction with a plea deal does not rise to a showing of constitutionally ineffective counsel. *See,* e.g., *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998)

("[W]hile [petitioner] may later have decided that he could have done better, his dissatisfaction does not rise to a showing of constitutionally ineffective counsel"); *United States v. Parker*, 609 F.3d 891, 895 (7th Cir. 2010) ("[W]hether a petitioner 'could have negotiated a better plea deal is irrelevant in the ineffective assistance context.'") (quoting *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006)).

Further, at the change of plea hearing, Petitioner advised Judge Phillips that she had reviewed the plea agreement, that she had fully discussed her case with counsel, that she was satisfied with counsel's representation, and that she was pleading guilty because she was, in fact, guilty. Additionally, a criminal defendant has "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). The government was under no obligation to offer a more lenient plea.

Finally, Petitioner "cannot satisfy the prejudice prong in the absence of any statement that [s]he is actually innocent, or would have gone to trial if [her] attorney's performance had been different." *Hunter*, 160 F.3d at 1115. She makes neither claim. She does not allege she is innocent of these charges, nor does she claim that she would have decided to proceed to trial but for her counsel's allegedly deficient negotiations.

As for Petitioner's claim that counsel was ineffective by not allowing her to review her PSR, that allegation is directly contradicted by Petitioner's statements at her sentencing hearing. There, she told Judge Phillips that she *had* seen her PSR and had been allowed sufficient time to review it with her attorney.

For all these reasons, Petitioner's third claim entitles her to no relief.

D.  Claim Four

Petitioner next alleges that her attorney previously represented a co-defendant's mother and might have also previously represented that co-defendant "at another time." [Doc. 1, numbered p.9].  To succeed in such a claim, a petitioner must demonstrate that her attorney "actively represented conflicting interests and that an actual conflict of interest adversely affected [her] lawyer's performance."  *Wilson v. Parker*, 515 F.3d 682, 697-98 (6th Cir. 2008) (citations and internal quotations omitted).  A petitioner must

> point to specific instances in the record to suggest an actual conflict or impairment of [her] interests. . . . [She] must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.  If he did not make such a choice, the conflict remained hypothetical. . . . There is no violation where the conflict is irrelevant or merely hypothetical; there must be an actual significant conflict.

*United States v. Hopkins*, 43 F.3d 1116, 1119 (6th Cir. 1995) (citation and internal quotations omitted).

Petitioner in this case presents nothing beyond speculation.  Absent the necessary factual elaboration of her attorney's alleged conflict, the Court finds that the strong presumption of effective assistance required by *Strickland* defeats Petitioner's fourth claim.  *See Strickland*, 466 U.S. at 689 (instructing that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

### E. Claim Five

Lastly, Petitioner contends that her attorney was ineffective in failing to inform her that the United States had filed a § 851 notice. If true, Petitioner still has not established prejudice. In her plea agreement and at her change of plea hearing, Petitioner was told that she would be subject to a higher mandatory minimum of 240 months on Count One of the Indictment due to her prior felony drug offense. Petitioner's fifth claim accordingly fails.

### IV.

*Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

### V.

*Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of

the claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong.  Therefore, the Court will **DENY** issuance of a certificate of appealability.

      A separate judgment will enter.

      **IT IS SO ORDERED.**

      ENTER:

      s/ Leon Jordan
      United States District Judge